UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKEY A. BEAVER,

        Plaintiff,

   v.

JUDY HOBDY, DEBBIE NANSON,
SERGEANT K. JONES, COUNSELOR
KINTNER, SUSAN BELT,

        Defendants.

CASE NO. C05-0210C

ORDER

## I. INTRODUCTION

This matter has come before the Court on Defendants' Motion for Summary Judgment (Dkt. No. 64), Magistrate Judge Benton's Report and Recommendation ("R&R") (Dkt. No. 72), and papers filed by the parties in response to the R&R. For the reasons that follow, the Court now ADOPTS the findings and conclusions made by the R&R and GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment.

## II. BACKGROUND

Plaintiff brought this § 1983 action to recover money damages for alleged violations of his constitutional rights during his incarceration at the King County Regional Justice Center ("RJC"). The

ORDER – 1

alleged violations include (1) failure to provide adequate treatment for his mental health issues; (2) use of excessive force; and (3) denial of due process in the context of a prison disciplinary proceeding.

Defendants moved for summary judgment with respect to claims against each Defendant. Defendants asserted that they are entitled to qualified immunity. Each party objects to the portions of the R&R in which they were denied summary judgment.

### III. ANALYSIS

When objections to an R&R are filed, the Court must make a *de novo* determination of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1). Upon the Court's *de novo* review of the legal issues raised in the parties' objections, the Court finds that Magistrate Judge Benton's R&R adequately and correctly addressed all of the issues raised.

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Courts are required to draw all factual inferences in the light most favorable to the non-moving party. *Id.* at 248. Genuine disputes are where the evidence is such that a "reasonable jury could return a verdict for the non-moving party." *Id.*

*A. Inadequate Medical Care*

Plaintiff suffers from mental illness, and claims that after he was booked into the RJC on August 27, 2004, he was neither seen by a psychiatrist nor given any psychiatric medication for more than 30 days. However, Plaintiff's medical records show that a psychiatrist examined him on September 3, 2004 (seven days after booking), and that he received medication on September 4, 2004. (Dkt. 65, Ex.1). Defendants' involvement in Plaintiff's medical care was limited to scheduling appointments for Plaintiff to be seen at the psychiatric institute. While two of the appointments never occurred, there is no evidence

ORDER – 2

that Defendants Hobby or Nanson are responsible for those failures. Accordingly, summary judgment for Defendants Hobby and Nanson is GRANTED.

### B.   Excessive Force

#### 1.   Defendant Jones's Use of Pepper Spray

Courts apply a balancing test to determine whether the use of force rises to the level of a constitutional violation. The test requires "careful attention to the facts and circumstances of each particular case," including whether the inmate poses an "immediate threat" to the safety of officers, and whether the inmate is "actively resisting." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The test is an objective one: "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Id.* at 397. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97. The Ninth Circuit Court of Appeals dismissed an excessive force claim where Plaintiff could not prove that she sustained injury during an arrest. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001).

On December 10, 2004, RJC officers transferred Plaintiff to a new unit due to population changes in the RJC. Plaintiff asserts that he experienced a panic attack with auditory and visual hallucinations after he moved into the new unit. (Dkt. No. 16 at 6.) Consequently, Plaintiff refused to re-enter or "rack back" into his new unit, which prompted corrections officers to call a code blue emergency. Plaintiff was thereafter handcuffed and prepared for transport to pre-disciplinary housing. (Dkt. No. 67 at 2.) On the way, Plaintiff claims he felt chest pains, which caused him to slow his pace, and then he claims he began to sob uncontrollably. (Dkt. No. 16 at 7.) Plaintiff claims that Defendant Jones told him to "shut up" and threatened to pepper-spray him. (*Id.*) Plaintiff told Defendant Jones that he would sue her for excessive and unnecessary use of force if she pepper-sprayed him. (*Id.*)

ORDER – 3

According to Defendant Jones, Plaintiff clenched his fists and attempted to resist the escorting officer. (Dkt. No. 67 at 2.) The escorting officer claims that Plaintiff "resist[ed]" him—which he clarified to mean that the Plaintiff either "pulled away or turned toward" him—but cannot remember exactly how the Plaintiff resisted him. (Dkt. No. 74.) Plaintiff was placed against the wall in the hallway and told that if he continued to resist he would be pepper-sprayed. (Dkt. No. 67 at 2–3.) Defendant Jones claims that Plaintiff continued to resist and so she administered a short burst of pepper spray to Plaintiff's face. (*Id.* at 3.) Plaintiff refused to comply with another directive and so she administered a second burst of pepper spray to Plaintiff's face. Officers turned Plaintiff around and escorted him backwards to pre-disciplinary housing. (*Id.*)

Plaintiff concedes that he was emotionally upset during the incident, but he claims that he did not physically resist the officers. (Dkt. No. 16 at 7.) Magistrate Judge Benton, considering the *Graham* factors above, questioned whether Plaintiff, who was handcuffed behind his back, posed an immediate threat to the safety of the officers. She also questioned whether the Plaintiff was actively resisting the officers by either pulling away or turning toward the escorting officer. After the incident, the nurse attending Plaintiff flushed his eyes with water and noted that while he claimed that he was "alright," he was "visibly upset." (Dkt. 65, Ex. 4). Drawing factual inferences in the light most favorable to the Plaintiff, this Court agrees with Magistrate Judge Benton and accordingly DENIES summary judgment for Defendant Jones on this claim.

### 2. *Transporting Plaintiff to Pre-disciplinary Housing*

After Plaintiff was pepper-sprayed, officers turned him backwards and escorted him to pre-disciplinary housing. Plaintiff claims that he sustained injuries to his hands, arms, and ankles during this transport. Plaintiff offered medical records from Western State Hospital dated January through March, 2006, indicating that he received treatment for shoulder, knee and ankle pain. However, Plaintiff had no visible injuries, nor did he complain of any injuries, when officers left him in his cell after the transport. (Dkt. No. 67 at 3.)

ORDER – 4

Magistrate Judge Benton found that medical records from early 2006 are insufficient to establish a causal connection between the incident of December 10, 2004 and the treatment. This Court agrees and accordingly GRANTS summary judgment for Defendant Jones on this claim.

*C.    Due Process*

The incident on December 10, 2004, necessitated a disciplinary review, which was conducted by Defendant Kintner on December 13, 2004. Plaintiff claims that Defendant Kintner did not allow him to call witnesses who could have clarified his mental state at the time of the incident, and refused to review medical evidence that could have established that the incident resulted from a lack of adequate mental health treatment. (Dkt. No. 13.)

The Ninth Circuit requires that "jail authorities allow an inmate who faces disciplinary proceedings and whose liberty interest is threatened to call witnesses in his defense, when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns." *Mitchell v. Dupnik,* 75 F.3d 517, 525 (9th Cir. 1996).

Defendant Kintner stated that he did not believe Plaintiff's witnesses were necessary to determine Plaintiff's guilt or innocence. (Dkt. No. 68.) Magistrate Judge Benton found that Defendant Kintner does not explain why he concluded that those witnesses were unnecessary; "he does not base his decision, for example, on the safety concerns emphasized by the Supreme Court in *Wolff*." (R&R at 13); *see Wolff v. McDonnell*, 418 U.S. 539 (1974). She additionally found that Defendant Kintner was required to determine whether Plaintiff was able to control his behavior at the time of the infraction. (Dkt. No. 68.) Plaintiff contends that he could not control his behavior at the time of the infraction due to his mental illness, but that Defendant Kintner precluded him from presenting evidence to support this contention.

Magistrate Judge Benton found that there is a substantial question of fact as to whether Plaintiff's Fourteenth Amendment due process rights were violated by Defendant Kintner during the disciplinary hearing. She recommends that the Court deny him summary judgment.

ORDER – 5

Magistrate Judge Benton found that the law applies in substantively the same manner to Defendant Belt, who conducted Plaintiff's appeal from his disciplinary hearing. She recommended that summary judgment be denied with respect to Defendant Belt's claims, too.

Drawing factual inferences in the light most favorable to Plaintiff, this Court agrees with Magistrate Judge Benton and accordingly DENIES summary judgment for Defendants Kintner and Defendant Belt.

### D.   *Qualified Immunity*

Qualified immunity protects § 1983 defendants as long as their conduct does not violate clearly established constitutional or statutory rights. The test of whether a right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194 (2001). With respect to Defendants Jones, Kintner and Belt, the rights at issue are clearly established and should have been clear to reasonable officers. Defendants Jones, Kintner and Belt are not entitled to qualified immunity.

## IV.   CONCLUSION

This Court hereby ADOPTS Magistrate Judge Benton's R&R and accordingly GRANTS summary judgment for Defendant Hobdy and Defendant Nanson; GRANTS summary judgment for Defendant Jones with respect to the claim that she authorized excessive force while Plaintiff was transported to pre-disciplinary housing; DENIES summary judgment for Defendant Jones with respect to the claim that she used excessive force when she pepper-sprayed Plaintiff; DENIES summary judgment for Defendant Kintner on the claim that he denied Plaintiff's due process rights; and DENIES summary judgment for Defendant Belt on the claim that she denied Plaintiff's due process rights. The Court further finds that Defendant Jones, Defendant Kintner, and Defendant Belt are not entitled to qualified immunity.

SO ORDERED this <u>24th</u> day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 6

ORDER – 7